IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 17-cv-1936-REB-SKC

GREGORY HEARD

    Plaintiff,

v.

GREG DULAYEV, individually, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Motion For Summary Judgment** [#71][1] filed August 8, 2019. The plaintiff filed a response [#78], and the defendants filed a reply [#84]. I deny the motion.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. ***White v. York Int'l Corp.***, 45 F.3d 357, 360 (10th Cir. 1995). FED. R. CIV. P. 56 (a) provides that the court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] "[#71]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

matter of law." FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). Summary judgment may be granted if the court concludes that no "rational trier of fact" could find for the nonmoving party based on the showing made in the motion and response. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In the current motion for summary judgment, defendant police officer Greg Dulayev contends he is entitled to qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity defense "cannot be analogized to other affirmative defenses because of the interests implicated in suits against government officials. Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial." *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988). The defense is available only to defendants sued in their individual capacity. *See Moore v. City of Wynnewood*, 57 F.3d 924, 929 n. 4 (10th Cir.1995).

A motion for summary judgment asserting qualified immunity must be reviewed differently from other summary judgment motions. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part, Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Holland v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001), *cert. denied*, 535 U.S. 1056 (2002). After a defendant asserts qualified immunity, the burden of persuasion shifts to the plaintiff. *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000). When faced with a motion for

2

summary judgment asserting qualified immunity, a plaintiff bears the onus to demonstrate after a review of the evidence in the light most favorable to the plaintiff "(1) that the [defendant] official violated a statutory or constitutional right,[2] and (2) that the right was 'clearly established' at the time of the challenged conduct." **Ashcroft v. al-Kidd**, 563 U.S. 731, 735 (2011); **Felders ex rel. Smedley v. Malcom**, 755 F.3d 870, 877 (10th Cir. 2014). A court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." **Pearson v. Callahan**, 555 U.S. 223, 236 (2009); **Quinn v. Young**, 780 F.3d 998, 1004 (10th Cir. 2015). As with any motion for summary judgment, the court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff, the party opposing the motion for summary judgment. **Scott v. Harris**, 550 U.S. 372, 378 (2007).

If the plaintiff fails to satisfy either prong of the two-pronged inquiry, then the court must grant qualified immunity. **Albright v. Rodriguez**, 51 F.3d 1531, 1535 (10th Cir. 1995). If the plaintiff meets this burden, the defendant can preserve his or her entitlement to qualified immunity only by showing "that there are no disputes of material fact as to whether his conduct was objectively reasonable in light of clearly established law and the information known to the defendant at the time." **Mick v. Brewer**, 76 F.3d 1127, 1134 (10th Cir.1996); **Felders ex rel. Smedley**, 755 F.3d at 877.

For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that constitutional right. **Quinn**, 78 F.3d at 1004 - 1005. "A plaintiff may satisfy this

---

[2] In the context of a motion for summary judgment, the court must determine if the facts shown by the plaintiff through evidence in the record make out a violation of a constitutional right. **Pearson v. Callahan**, 555 U.S. 223, 232 (2009).

3

standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id*. at 1005 (citation and internal quotation omitted); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Absent binding Supreme Court or Tenth Circuit authority, the plaintiff must show a "robust consensus of cases of persuasive authority" in the Courts of Appeals. *Taylor v. Barkes*, ___ U.S. ___, ___,135 S.Ct. 2042, 2044 (2015) (quoting *City and Cnty. of San Francisco v. Sheehan*, ___ U.S. ___, ___, 135 S.Ct. 1765, 1778 (2015)). *See also al-Kidd*, 563 U.S. at 741. The existence of one out-of-circuit decision and several district court decisions holding that the right at issue exists is not sufficient to put every reasonable officer on notice that the law is clearly established. *Woodward v. City of Worland*, 977 F.2d 1392, 1387 (10th Cir. 1992).[3]

The plaintiff must demonstrate also a substantial correspondence between the conduct in question and prior law establishing that the defendant's actions clearly were prohibited. *Hilliard v. City & Ctny. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991) (citing *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990)). However, the plaintiff need not establish a "precise factual correlation between the then-existing law and the case at hand . . . ." *Patrick v. Miller*, 953 F.2d 1240, 1249 (10th Cir.1992) (internal quotations omitted). Government officials can still be on notice that their conduct violates established law even in novel factual circumstances. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Quinn*, 78 F.3d at 1005. For example, the existence of unreasonable seizure is a

---

[3] *See also Davis v. Holly*, 835 F.2d 1175, 1182 (6th Cir. 1987) ("A single idiosyncratic opinion from the court of appeals for another circuit was hardly sufficient to put the defendants on notice of where this circuit or the Supreme Court might come out on the issue in question."); *Higginbotham v. City of New York*, ___ F.Supp.3d ___, ___, No. 14–cv–8549 (PKC)(RLE), 2015 WL 2212242 (S.D.N.Y. May 12, 2015) (holding that three circuit courts and numerous district courts concluding that the right at issue existed were sufficient to demonstrate a "robust consensus of persuasive authority").

4

fact-specific inquiry and, therefore, "there will almost never be a previously published opinion involving exactly the same circumstances." *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). "The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004). Still, the Supreme Court has "repeatedly told courts ... not to define clearly established law at a high level of generality." *al-Kidd*, 563 U.S. at 742 (citations omitted); *see Tolan v. Cotton*, 572 U.S. 650, 657 (2014) ("[W]e have instructed that courts should define the clearly established right at issue on the basis of the specific context of the case." (internal quotation marks omitted)).

In short, although the court must review the evidence in the light most favorable to the plaintiff, an assertion of qualified immunity may be overcome only when the record demonstrates clearly that the plaintiff has satisfied his heavy two-part burden. If the plaintiff satisfies this enhanced burden, then the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied. *Salmon v. Schwarz*, 948 F.2d 1131, 1136 (10th Cir.1991).

### III. ANALYSIS

I have reviewed the motion for summary judgment, the response, the reply, and the apposite arguments, authorities, and evidence presented by the parties. Some of the issues presented are legally and factually close calls. Still, it is apparent that there exist genuine disputes as to material facts that are not appropriate for summary resolution.

Concerning the claim of qualified immunity asserted by Officer Dulayev, I find and

5

conclude that he is not entitled to summary judgment based on qualified immunity. Addressing an earlier motion to dismiss [#11] in which Officer Dulayev asserted qualified immunity, I concluded that the allegations in the complaint, taken as true, established a violation of the Fourth Amendment rights of Mr. Heard by Officer Dulayev. *Order* [#23], pp. 12-13. In addition, I concluded that the allegations in the complaint, taken as true, demonstrated a violation of clearly established law. *Id.*, pp. 15-16. Thus, I denied the motion to dismiss to the extent Officer Dulayev asserted qualified immunity.

The evidence submitted with the motion for summary judgment, the response, and the reply, viewed in the light most favorable to Mr. Heard, provides evidentiary support for the allegations in the complaint relevant to the qualified immunity analysis. Thus, I find that Mr. Heard has presented evidence which, when viewed in the light most favorable to Mr. Heard, demonstrates a violation of his constitutional rights. In addition, the constitutional right in question was clearly established at the time of the alleged violation. Thus, viewing the facts in the light most favorable to Mr. Heard, I conclude that Mr. Heard has satisfied both elements necessary to surmount the assertion of qualified immunity by Officer Dulayev. Officer Dulayev has not countered by demonstrating "that there are no disputes of material fact as to whether his conduct was objectively reasonable in light of clearly established law and the information known to the defendant at the time." **Mick v. Brewer**, 76 F.3d 1127, 1134 (10th Cir.1996. Accordingly, Officer Dulayev is not now entitled to qualified immunity as a matter of law,and the motion for summary judgment on that issue must be denied.

### IV. CONCLUSION & ORDER

Viewing the evidence in the record in the light most favorable to Mr. Heard, I find and conclude that there exist genuine disputes as to material facts that are not appropriate for summary resolution. Thus, the motion for summary judgment must be denied.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion For Summary Judgment** [#71] is denied.

Dated December 4, 2019, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge