**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01936-REB-SKC

GREGORY HEARD,

    Plaintiff,

v.

GREG DULAYEV, individually, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**CITY AND COUNTY OF DENVER'S REPLY IN SUPPORT OF
MOTION TO RECONSIDER DENIAL OF SUMMARY JUDGMENT
ON MUNICIPAL LIABILITY**

---

Defendant City and County of Denver ("Denver"), through counsel, submits this reply in support of its Motion to Reconsider Denial of Summary Judgment on Municipal Liability (Doc. #149), stating as follows:

**ARGUMENT**

**I.  Reconsideration Will Clarify the Court's Findings on Municipal Liability**

In its Motion, Denver first pointed out that the Court's Order on summary judgment focused exclusively on Officer Dulayev's assertion of qualified immunity, with no explicit consideration of any of the parties' municipal-liability arguments. [Doc. #149 at 3-4, *citing* Doc. #113 at 2-6.] Denver suggested that reconsideration would serve the interests of judicial efficiency and preservation of the record for any future appeal, and (if any of the municipal liability claims

survive) would enable the parties to better prepare for trial by clarifying what facts and legal theories remain at issue. [Doc. #149 at 4.]

Mr. Heard responds to these arguments only in a footnote. He admits that "the MSJ order did not make specific findings," but avers that "it was not required to." [Doc. #153 at 5 n.4.] While a correct statement of the law, *see* Fed. R. Civ. P. 52(a)(3), that misses the point. Denver does not argue that reconsideration is necessary because the absence of findings was itself a legal error. Rather, the interests of the parties and the Court in maximizing judicial efficiency, creating an adequate record, and streamlining the issues all militate towards reconsideration of the municipal liability claims. In these circumstances, where the Tenth Circuit's opinion reversed the Court's qualified immunity determination but remained silent on the remaining claims, reconsideration is necessary to ensure that the parties have adequate notice of the theories, if any, under which Mr. Heard will be allowed to proceed against Denver at trial.

## II. The Tenth Circuit Altered the Court's Fact-Finding and Rejected Mr. Heard's Characterization of the Facts

Because the Tenth Circuit's reversal of the Court's summary judgment Order "alters the law of this case, and with it the position of the parties' summary judgment arguments," Denver asked this Court to reconsider summary judgment, "viewing the factual circumstances as described by the Tenth Circuit, as well as the court of appeals' determination that Officer Dulayev did not violate clearly established law." [Doc. #149 at 4-6.] Mr. Heard cannot dispute the Tenth Circuit's findings. He only argues that the court of appeals "did nothing to undermine the vast majority of this Court's factual findings related to the 'constitutional violation' prong or the pending claim against Denver." [Doc. #153 at 7.] Specifically, he maintains that the Tenth Circuit "[did] not alter

the factual findings that he was tased despite not being aggressive, not attempting to flee, and not resisting arrest." *Id*.

This is a curious reading of the Tenth Circuit's opinion. The panel clearly stated the relevant facts:

- "Heard rose to his feet despite Dulayev's order to crawl out on his hands and knees;"
- "Heard had already gone against Dulayev's command to crawl and he knew Dulayev stood there ready with a Taser;"
- "Even after this initial command, Dulayev gave Heard additional time and a warning to stop;"
- "Heard continued to approach Dulayev despite orders to "Turn around!" and "Stop right there! Stop!"
- "Thus, the record clearly shows that Heard had an opportunity to surrender before he took those additional steps in the direction of Dulayev."

*Heard v. Dulayev*, 29 F.4th 1195, 1201-03 (10th Cir. 2022).

The panel went on to explicitly reject Mr. Heard's contention that these facts made this case like other cases where the Tenth Circuit found unconstitutional the use of a Taser against "a nonviolent misdemeanant who was neither dangerous nor fleeing" or "a nonviolent misdemeanant who did not pose a threat and was not resisting or evading arrest," or "without providing an adequate warning against a misdemeanant who had ceased actively resisting." *Id.* at 1204-05 ("These cases contain material differences from the facts here."). Contrary to Mr. Heard's conclusory contention, the Tenth Circuit's opinion explicitly undermines any notion that "he was tased despite not being aggressive, not attempting to flee, and not resisting arrest" or that this case is governed by the standards applicable to such facts. *Id.* at 1207 ("None of the cases cited by Heard mirror the circumstances in this case.").

The Tenth Circuit disagreed with some of this Court's conclusions regarding the material facts of Officer Dulayev's interaction with Mr. Heard, and squarely rejected Mr. Heard's

3

characterization of those facts. While Mr. Heard repeatedly insists that he "*can* show that … the facts of this use of force were just as he alleged them" (Doc. #153 at 13), the Tenth Circuit has already told us that he cannot, and that the facts are not as he alleges. This Court should reconsider its summary judgment ruling against Denver in light of those holdings.

### III.  A Municipality Cannot Be Deliberately Indifferent to a Constitutional Right That is Not Clearly Established

Mr. Heard seeks to hold Denver liable for an alleged failure to train or failure to discipline Officer Dulayev. No matter how his claim is characterized, to establish municipal liability Mr. Heard must prove that Denver was deliberately indifferent. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283-91 (10th Cir. 2019) (applying same standard to failure to train, failure to supervise, and failure to discipline theories of municipal liability).

Denver's motion showed that, in several recent opinions issued after the summary judgment Order in this case, the Tenth Circuit expressed doubt that the rigorous standards of causation and culpability for such claims can be met where the plaintiff cannot show that the alleged constitutional violation was clearly established. [Doc. #149 at 6-9.] Most relevant here, the court of appeals has explicitly questioned "[w]hether a municipal policymaker can be liable for deliberate indifference to a constitutional right that has not yet been established." *Contreras ex rel. A.L. v. Doña Ana Cnty. Bd. of Cnty. Comm'rs*, 965 F.3d 1114, 1123 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1382 (2021) (Carson, J., concurring).

Judge Carson's concurrence reasoned that, because a failure-to-train theory "stems from the municipality's failure to teach its employees not to violate a person's constitutional rights," then "the violated right in a failure to train case 'must be clearly established because a municipality cannot *deliberately* shirk a constitutional duty unless that duty is clear.'" *Id*. (quoting *Arrington-*

4

*Bey v. City of Bedford Heights, Oh.*, 858 F.3d 988, 995 (6th Cir. 2017), and collecting cases). This is the rule in other Circuits. *Id.*; *see Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 393 (8th Cir. 2007) (collecting cases); *Arrington-Bey*, 858 F.3d at 995; ("requiring that the right be clearly established does not give qualified immunity to municipalities; it simply follows *City of Canton*'s and *Brown*'s demand that deliberate indifference in fact be deliberate…. this rule is the only way to thread the needle between permitted failure-to-train liability under *City of Canton* and impermissible *respondeat superior* liability under *Monell*.").

Mr. Heard does not agree with this rule, favoring instead the dissent in *Contreras*. [Doc. #153 at 11.] And he maintains that "merely raising the question in a concurrence … doesn't go nearly far enough to constitute an intervening change in the law." *Id.* (quotation and alteration omitted). But he offers no authority for that contention,[1] and it does not conform with the logic underlying the standards for reconsideration. This case is controlled by Tenth Circuit precedent. Until *Contreras*, that precedent did not clearly allow Denver to argue that a municipality cannot be deliberately indifferent to a constitutional duty unless that duty is clearly established. Now that door is open, and this Court may consider such arguments.

That alone is sufficient ground for reconsideration. When combined with the alteration of the factual and legal landscape of this case by the Tenth Circuit's opinion, and the other cases and circumstances identified in Denver's motion, the need for reconsideration and new findings by this Court is manifest.

---

[1] The unpublished case Mr. Heard cites in support of his contention contains no consideration of the requirements for, or definition of, an "intervening change in the law." *Jaramillo v. Gov't Emps. Ins. Co.*, 573 F. App'x 733, 749 (10th Cir. 2014).

5

WHEREFORE, the City and County of Denver respectfully requests that the Court reconsider its Order Denying Motion for Summary Judgment, grant summary judgment to Denver on Plaintiff's remaining municipal liability claims, dismiss the Complaint against Denver in its entirety, and issue any other necessary and proper relief.

DATED this 30th day of August 2022.

Respectfully submitted,

By: *s/ Geoffrey C. Klingsporn*
Geoffrey C. Klingsporn, Assistant City Attorney
Jodanna L. Haskins, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: geoffrey.klingsporn@denvergov.org
E-mail: jodanna.haskins@denvergov.org
*Attorneys for Defendant Denver*

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of August 2022 I electronically filed the foregoing **CITY AND COUNTY OF DENVER'S REPLY IN SUPPORT OF MOTION TO RECONSIDER DENIAL OF SUMMARY JUDGMENT ON MUNICIPAL LIABILITY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Erica T. Grossman
John R. Holland
Anna Holland Edwards
Dan Weiss
Rachel Kennedy
Holland, Holland Edwards & Grossman, PC
1437 High Street
Denver, CO 80218
erica@hheglaw.com
john@hheglaw.com
anna@hheglaw.com
dan@hheglaw.com
rachel@hheglaw.com
*Attorneys for Plaintiff*

*s/ Camelia Close*
Denver City Attorney's Office

7